[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11742
Non-Argument Calendar
_____

D.C. Docket No. 9:95-cr-08021-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS RANDOLF GLOVER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 6, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and ED CARNES, Circuit Judges.

PER CURIAM:

Thomas Glover, a federal prisoner serving a total 360-month sentence for conspiracy to distribute crack cocaine, possession with intent to distribute crack cocaine, and distribution of crack cocaine, appeals the district court's denial of his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404.  Glover argues that the district court erred by concluding that it lacked authority to grant him relief under that Act.  Glover also requests that we remand his case to a different judge.  We agree that the district court erred, but we see no reason to remand his case to a different judge.

I.

In 1995, Glover was charged in a four-count superseding indictment with: (1) conspiracy to distribute a "detectable amount" of crack cocaine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute a "detectable amount" of crack cocaine, in violation of § 841(a)(1); (3) distribution of a "detectable amount" of crack cocaine, in violation of § 841(a)(1); and (4) manufacture of a "detectable amount" of crack cocaine, in violation of § 841(a)(1).  Before trial, the government filed a notice of intent to rely on Glover's prior felony drug conviction to seek higher statutory penalties.  See 21 U.S.C. § 851(a).  A jury found Glover guilty of counts one, two, and three, and not guilty of count four.  The jury did not determine the amount of crack cocaine involved in each offense.

2

At sentencing, the district court found that Glover was responsible for 87.98 grams of crack cocaine.  Each of his three convictions carried a statutory range of 20 years to life imprisonment because of that drug quantity and Glover's prior felony drug conviction.  See 21 U.S.C. § 841(b)(1)(A)(iii) (1994).  As a career offender under the Guidelines, Glover's guideline range was 360 months to life imprisonment based on a total offense level of 37 and a criminal history category of VI.  The district court sentenced him to 360 months in prison on each count, to be served concurrently.

In March 2019, Glover moved in the district court for a sentence reduction pursuant to the First Step Act.  The district court ultimately denied that motion, finding that "reduction of [Glover's] sentence is not authorized under" the First Step Act because, even with retroactive application of that Act, Glover's guideline range would remain the same.

## II.

We review "the denial of an eligible movant's request for a reduced sentence under the First Step Act" for an abuse of discretion.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).

The Fair Sentencing Act, enacted in 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the existing 100-to-1 sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat.

3

2372; see also Jones, 962 F.3d at 1297. The Act increased the amount of crack cocaine that triggers the statutory penalties under § 841(b). The amount of crack cocaine that triggers the statutory penalty under § 841(b)(1)(B) was increased from 5 to 28 grams, and the amount of crack cocaine that triggers the statutory penalties under § 841(b)(1)(A) was increased from 50 to 280 grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, § 2(a); 21 U.S.C. § 841(b)(1)(A)–(B). These amendments reduced the disparity to 18-to-1. Jones, 962 F.3d at 1297.

In 2018, Congress enacted the First Step Act, which makes the statutory penalties enacted under the Fair Sentencing Act retroactive for covered offenses. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404. Section 404 of the First Step Act "granted district courts discretion to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act." Jones, 962 F.3d at 1297. It "permits a district 'court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed.'" Id. (quoting First Step Act § 404(b)).

Since the district court ruled in this case, we have held that a First Step Act movant has a covered offense within the meaning of § 404(b) "if his offense triggered a statutory penalty that has since been modified by the Fair Sentencing Act." Id. at 1298.

4

To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. From these sources, the district court must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.

Id. at 1300–01.

The district court sentenced Glover for the offenses of conspiracy to distribute 50 grams or more of crack cocaine, possession with intent to distribute 50 grams or more of crack cocaine, and distribution of 50 grams or more of crack cocaine. Glover's indictment charged him with those offenses, and although the jury did not make a drug-quantity finding, the district court found at sentencing a drug quantity of 87.98 grams of crack cocaine. The statutory penalty for each of Glover's offenses at the time of sentencing was 20 years to life imprisonment based on his drug quantity and prior felony drug conviction. See 21 U.S.C. § 841(b)(1)(A)(iii) (1994). The Fair Sentencing Act modified the penalties for his offenses to be 10 years to life imprisonment. See id. § 841(b)(1)(B)(iii) (2012). Glover has covered offenses under the First Step Act, and the district court erred in concluding that the First Step Act did not authorize it to reduce his sentence.

Of course, just because the First Step Act authorizes the district court to reduce Glover's sentences, that does not mean it requires the district court to do so. See Jones, 962 F.3d at 1304. "District courts have wide latitude to determine

5

whether and how to exercise their discretion in this context.  In exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)."  Id.  And "a district court, of course, could consider its previous findings of relevant conduct in deciding whether to exercise its discretion to reduce an eligible movant's sentence under section 404(b) of the First Step Act."  Id. at 1301.

We therefore VACATE the district court's denial of Glover's motion and REMAND for it to determine whether to exercise its discretion to reduce his sentence.[1]

---

[1] We also deny Glover's request to remand this case to a different judge.  Glover provides no good reason for reassigning his case, which "is an extraordinary order."  United States v. Gupta, 572 F.3d 878, 891 (11th Cir. 2009).